IN THE UNITED STATES DISTRICT COURT
FOR THE WESERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MELISSA FAYE ATKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Acton No. 7:20cv00141 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **R. BOLDEN,** *et al.,* | ) | By:   Hon. Thomas T. Cullen |
| | ) |        **United States District Judge** |
| Defendants. | ) | |

Plaintiff Melissa Faye Atkins, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against Correctional Officer R. Bolden and Warden Eric Aldridge. Atkins seeks leave to proceed *in forma pauperis*. Having reviewed Atkins's application and complaint, the court will grant her request to proceed *in forma pauperis* but dismiss her complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim against the named defendants.

I.

During the relevant time period, Atkins was an inmate at Fluvanna Correctional Center for Women ("Fluvanna"). On May 16, 2018, Atkins "was on transportation" when her mail arrived for the day and, when she returned, she received her standard mail. Atkins alleges, however, that although Fluvanna received legal mail addressed to her on May 16, delivery of that mail was delayed until May 31. Atkins contends the delay caused her to miss an unidentified deadline set for May 25, 2018. She further contends that this caused her to miss "an opportunity . . . involv[ing] potential free assistance from a legal firm . . . as well as the possibility of an earlier release." (Am. Comp. ¶ D.1, ¶ E.3 [ECF No. 20].) Atkins summarily

claims the delay inflicted irreparable injury by violating her right to access the courts. She claims defendant Officer Bolden was responsible for ensuring "policy" was followed but failed to do so, resulting in her delayed receipt of the mail at issue. (*Id.* ¶ E.1.)

Atkins filed a grievance and defendant Warden Aldridge determined that it was "founded" "due to the fact that policy was defin[i]tely violated," but Atkins argues that Warden Aldridge did not provide her with an "adequate solution." (*Id.* ¶ E.3.) She appealed that decision, but Warden Aldridge's resolution was affirmed.

Atkins filed this action on March 2, 2020. Her complaint was conditionally filed and, on July 27, 2020, this court advised Atkins that her complaint failed "to state a cognizable federal claim against the named defendants," and she was given the opportunity to file an amended complaint. (Order, July 27, 2020 [ECF No. 18].) She filed three within a week.[1]

## II.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a complaint which fails to state a cause of action. To state a cause of action under § 1983, a plaintiff must allege facts indicating that she has been deprived of a right guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

---

[1] Atkins's initial complaint was dated February 24, 2020. (*See* ECF No. 1.) The first amended complaint received by the court was dated July 29 and was received by the court on August 3. (*See* ECF No. 19.) The second amended complaint was dated August 4 and was received by the court on August 7. (*See* ECF No. 20.) The third amended complaint was dated July 29 but was received on August 10. (*See* ECF No. 21.) The third amended complaint does not appear to differ substantively from the first amended complaint, and neither complaint seems to contain anything that is not also contained in the second amended complaint. Therefore, the court will analyze the *second* amended complaint, dated August 4 (ECF No. 20), as it was dated most recently.

Atkins claims that Officer Bolden's failure to deliver her legal mail in a timely fashion denied her access to the courts. The Supreme Court has recognized two categories of "access-to-court" cases. The first category includes those cases where a large number of individuals are denied access to resources or opportunities to prepare or file suits. *See Christopher v. Harbury*, 536 U.S. 403, 412–13 (2002). The second category, implicated here, involves "specific cases" where the alleged misconduct prejudiced the delivery of justice. *See id.* at 413. In both instances, however, the purpose is the same; the goal of an access-to-courts action is to vindicate opportunities lost through a defendant's actions. *Id.* at 414–15 (noting that the right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.").

A valid access-to-courts complaint must therefore allege facts showing "that the defendants have scuttled [a prisoner's] pursuit of a nonfrivolous, arguable claim." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quotation omitted). To avoid dismissal under this standard, a complaint must identify both "the underlying cause of action" and the specific act that frustrated the litigation. *Christopher*, 536 U.S. at 415. When identifying these elements, the underlying cause of action must "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416.

, The alleged injury must also be specific and actual. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996); *see also White v. White*, 886 F.3d 721, 723 (4th Cir. 1989) (dismissing plaintiff's suit because he did not allege "any detriment" to his proceedings by the defendants' actions). Put another way, "[t]o establish that [her] rights have been violated by the [d]efendants, the plaintiff must demonstrate that there was some actual harm or prejudice to

[her] ability to communicate with the court . . . ." *Brooks v. Bufford*, Civil Action No. 2:10-689-TLW-BHH, 2011 WL 2119281, at *8 (D.S.C. March 31, 2011) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)) (Report & Recommendation), *adopted by* 2011 WL 2116416 (D.S.C. May 27, 2011).

Atkins's second amended complaint suffers from several defects that compel this court to dismiss her claim. The first issue lies with Atkins's claim that the delay cost her an opportunity to obtain free legal assistance. The complaint does not establish that Atkins's missed opportunity to receive free legal assistance arose from a court claim giving rise to an access-to-courts suit.

Second, despite having the opportunity to amend her complaint, Atkins has failed to allege sufficient information about her alleged "possibility" of earlier release for the court to conclude—even taking all inferences in her favor—that the "opportunity" she missed was a valid one. This allegation does not contain sufficient details for the court to apply the "nonfrivolous" and "arguable" tests. Without this information, the court is unable to determine whether Atkins had "more than [mere] hope" of an early release. *Christopher*, 536 U.S. at 416. *Cf. Welch v. Evans*, 402 F. Supp. 468, 468–69 (E.D. Va. 1975) (noting that the extent of the injury in an access-to-courts claim "is dependent on the ultimate success of the plaintiff's" underlying action).

Atkins has failed to meet the *Christopher* standard for both claims—the claim that she missed an opportunity for free legal assistance, and the claim that she missed the possibility of an earlier release. In both claims, Atkins has asserted the existence of only a possibility of some legal redress. Without some details about the underlying legal claim, the assertion that she *may* have been eligible for free legal representation that *might have* resulted in her early release is

paradigmatic of *Christopher*'s mere "hope." In the absence of additional information, the court cannot meaningfully evaluate an assertion of a possibility for frivolity or arguability. As a result, Atkins has failed to state a claim.[2]

### III.

In conclusion, the court will grant Atkins's motion for leave to proceed *in forma pauperis* but will dismiss this action due to Atkins's failure to state a claim. The court will dismiss this action without prejudice and give Atkins 21 days from the entry of this order to file a motion to reopen the case with an amended complaint.

The clerk shall send a copy of this memorandum opinion and the accompanying order to Atkins.

**ENTERED** this 6th day of April, 2021.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Moreover, isolated incidents of mail mishandling, while not to be condoned, typically do not rise to the level of a constitutional violation. *See Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003), *aff'd* 88 F. App'x 639 (4th Cir. 2004)) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); *Bryant v. Winston*, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983).